IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LUIS GARCIA, ) | |
|    ID # 81349-053, ) | |
|       Movant, ) | |
| vs. ) | No. 3:20-CV-631-L (BH) |
| ) | No. 3:16-CR-56-L-11 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|       Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody*, received on March 6, 2020 (doc. 2), should be **DENIED** with prejudice as barred by the statute of limitations.

**I. BACKGROUND**

Luis Garcia (Movant) challenges his federal conviction and sentence in Cause No. 3:16-CR-56-L-11. The respondent is the United States of America (Government).

On January 24, 2017, Movant was charged by superseding indictment with conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a) (count two). (*See* doc. 64.)[2] He was subsequently charged in a second superseding indictment and a third superseding indictment with the same offense. (*See* docs. 196, 233.) Movant pleaded guilty to count two of the superseding indictment on March 27, 2018, and on January 28, 2019, he was sentenced to 48 months' imprisonment. (*See* docs. 292, 294, 313, 474 at 2.) Judgment was entered on January 30, 2019. (*See* doc. 474.) He did not appeal.

---

[1]  By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2]  Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:16-CR-56-L-11.

Movant's § 2255 motion was signed on February 26, 2020, and received on March 6, 2020. (No. 3:20-CV-631-L-BH, doc. 2 at 13.)  He argues:

(1) his attorney provided ineffective assistance when she failed to clarify the claimed loss amount;

(2) his Fifth Amendment Due Process rights were violated;

(3)  this Court erred by adding four levels to his guidelines range for a dangerous weapon; and

(4) his attorney provided ineffective assistance when she recommended he waive his appellate rights without explaining the legal consequences.

(*See id.*, doc. 2 at 4-8.)

## II.  STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005).  It states that:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

2

28 U.S.C. § 2255(f).

Movant does not allege any facts that could trigger a starting date under §§ 2255(f)(2)-(4), and each of his arguments were available to him when his judgment became final on February 13, 2019, when his time to appeal expired, so his limitations period began to run on that date. *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing a 14-day period to appeal from judgment); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (when a federal prisoner does not appeal a conviction, it becomes final for purposes of § 2255 upon the expiration of time to file an appeal). The limitations period expired on February 13, 2020, and his motion was not filed until February 26, 2020, so it is untimely in the absence of equitable tolling. (*See* 3:20-CV-631-L-BH, doc. 2 at 13.)

**A.**     **Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). The Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865

F.2d 660, 662 (5th Cir. 1989). Movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Movant does not assert a basis for equitable tolling. When asked about the timeliness of his motion, he simply stated, "THIS MOTION IS ON TIME." (*See* 3:20-CV-631-L-BH, doc. 2 at 12.) He has not demonstrated that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his motion to vacate earlier so as to warrant equitable tolling.

**B.     Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-91 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the one-year statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Floyd*, 894 F.3d at 155. "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial

unless the court is also satisfied that the trial was free of nonharmless constitutional error.' ... The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

There is a split among district courts about whether *McQuiggin* applies to a guilty plea case. *See Thomas v. Stephens*, 4:13-CV875-A, 2014 WL 929031, at *3 (N.D. Tex. Mar. 7, 2014) (citing cases). Even if *McQuiggin* applies, however, Movant does not allege that he is actually innocent. He has therefore failed to overcome the statute of limitations, and his motion is time-barred.

### III.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be **DENIED** with prejudice as barred by the statute of limitations.

**SO RECOMMENDED** this 20th day of March, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE